The opinion, of the Court was delivered by
Todd, J.
This is a suit instituted by the State to recover a tract of land in the Parish of Concordia, described as the 16th Section of Township Four, in the Land District North of Red River, in the possession of, and the title to which is claimed by defendant.
The facts relating'to this controversy are substantially these :
In 1860, this land was sold by the. State to Z. York and E. J. Hoover, for twenty-two thousand dollars. Of this amonnt, one-tenth, $2,200, was paid in cash, and for the balance of the- price the purchasers executed their nine promissory notes, payable, annually thereafter, and secured by mortgage on the land. The cash paid was transmitted and received into the State treasury. In 1870, an order of seizure and sale, issued on the notes, which remained unpaid, at the instance of the State, and in January, 1871, the land was sold'under this proceeding and adjudicated to F. D. Atwater for $1,500, which was also paid into the State treasury.
' In the meantime, the land liad been surrendered in bankruptcy by the original purchasers, York and Hoover, and in 1869, sold by their assignee in bankruptcy at bankrupt sale, to A. G. Ober and F. D. Atwater, but owing to oppositions made by the creditors of York and *361 Hoover, the adjudication to tlie purchasers at the bankrupt sale was not completed till April, 1871.
Atwater subsequently sold his interest in the land to A. G. Ober, the defendant herein. The land in question was known as school lands, and is embraced in the grant made by the federal government to the State for educational purposes, by Act of Congress, of 15th February, 1843.
The State seeks to set aside the sale of the land and recover the same on account of certain alleged illegalities in the original sale to York and Hoover.
The defenses to the action are those of estoppel, prescription, and the failure of the State to return the money received for the land, or the offer of a return before bringing the suit. From a judgment in favor of the defendant, the plaintiff has appealed.
The ground of estoppel, relied on by the defendant, is the action of the State in selling the land, receiving the cash payment, and subsequently suing to recover the credit portion of the price, and causing the land to be. again sold under her mortgage, and a second time receiving the amount of the adjudication.
Except upon the theory that the first sale conveyed a title to the purchasers, and they' had become the owners of the land by virtue of that sale, and owed the unpaid balance of the price for the property they had thus acquired, the State could not consistently have proceeded to enforce her mortgage on the land for the price, and compel the payment of the balance due thereon.
There is no question that were the original vendor a private individual, he would be precluded by such action from ever again claiming the land and instituting suit for its recovery, on account of defects or irregularities attending the proceedings under -which he had first sold the property. He could not, and would not, under such circumstances, be listened to. Plaintiff’s counsel contends that this rule does not apply to the State, and especially as the beneficiaries of the origina? grant from the United States have an interest in the lands embraced therein.
We think otherwise. In the case of the State vs. Taylor, 28 A. 462, it was held; “ That the State is bound by her judicial jdeadings and admissions, the same as private persons, and is entitled to no greater right or immunity as a litigant, than they are. The doctrine of estoq)pel applies to the State just as it does to individuals.” Nor is this rule of law* varied by the fact that there are others interested in the subject matter of the proceedings conducted by the State. If any persons have been injured by the action of the State, good faith and a sense of justice should incline the State to make reparation, as all other fiducia *362 ríes should do under like circumstances, even admitting their existence; but such conditions cannot affect the rules of law nor modify the liability and status of the State, in a judicial proceeding’in a suit where the State seeks to recover the lands as owner, and where the legal title under the federal grant was vested solely in the State. This view of the case dispenses with the consideration of other questions involved.
We find no error in the judgment appealed from, and it is, therefore, affirmed at the costs of the plaintiff and appellant.